UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALANDO DRUMMONDS,

          Plaintiff,

         - against -

AURORA LOAN SERVICES, LLC et al.,

          Defendants.
-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CV-1994 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

*Pro se* plaintiff Alando Drummonds has filed this action for, *inter alia*, "rescission of an illegal and void Mortgage and Note to certain real estate." Complaint, Doc. No. 1, ¶ 5. Before the Court is the Report and Recommendation ("R&R") of the Honorable Robert M. Levy recommending that this action be dismissed for failure to prosecute. *See* Doc. No. 10. Judge Levy reminded the parties that, pursuant to 28 U.S.C. § 636(b)(1), any objection to the R&R was due within fourteen days of his R&R. To date, no party has filed any objection.

Pursuant to 28 U.S.C. § 636(b), the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Consistent with that inherent authority, applicable law explicitly empowers a district court, in the exercise of its sound discretion, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *see Lewis*, 564 F.3d at 575 (noting that the standard of review is abuse of discretion). Because dismissal on such grounds is unquestionably a "harsh remedy" that should be used only in "extreme situations," *Lewis*, 564 F.3d at 576 (citations omitted).

A court considering such action should examine five factors. Specifically, a court should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Id.* (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)). No one factor is dispositive. *Id.*

Here, on balance, these factors fully support the Magistrate Judge's recommendation to dismiss this action for failure to prosecute. As noted in the R&R, Judge Levy scheduled an initial conference for November 14, 2014, but at plaintiff's request, adjourned the conference to January 22, 2015. Plaintiff failed to appear at that conference or to request another adjournment, and the Court's attempts to reach plaintiff by telephone were unsuccessful. Judge Levy then rescheduled the conference for February 3, 2015 and warned plaintiff that his failure to appear could result in sanctions, including a possible dismissal for failure to prosecute. Plaintiff failed to appear for the rescheduled conference. The Court again attempted unsuccessfully to reach plaintiff by phone.

The docket reflects that copies of Judge Levy's scheduling orders were mailed to plaintiff at the address provided for him on the docket. In addition, a copy of the R&R was sent to plaintiff by Federal Express. A search of the Federal Express tracking number indicates that the package was successfully delivered on January 30, 2015. *See* https://www.fedex.com/apps/fedextrack/?action=track&trackingnumber=772761111190&cntry_code=ca_english (last visited June 30, 2015).

Plaintiff has failed to appear or otherwise contact this Court since his November 2014 request to adjourn the initial conference. Plaintiff has not advised the Clerk of Court of any change of address as he is required to do. He has shown no interest in pursuing this action, and has been on notice that failure to appear could result in dismissal of this action. Magistrate Judge Levy made

considerable efforts to contact plaintiff by telephone, and ensured that each and every court order was sent to plaintiff at the address listed for him on the docket.  And as indicated by the Federal Express tracking, the R&R was delivered to that address.

This action has been pending on the Court's docket for well over a year and has not progressed in any way, solely due to plaintiff's conduct.  Such unreasonable delay is presumptively prejudicial to defendant.  *See, e.g., Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 195 (2d Cir. 1999) *(citing Lyell Theatre Corp.,* 682 F.2d at 43).  The Court has considered lesser sanctions.  However, "given the duration of plaintiff's dilatory conduct, and its persistence in the face of efforts by the court and opposing counsel to move the case forward, there is no basis to conclude that sanctions short of dismissal would remedy the situation."  *Yan v. Kohler,* 91-CV-1689 (LAP), 1994 U.S. Dist. LEXIS 1626 at *11 (S.D.N.Y. 1994).

## **CONCLUSION**

Accordingly, it is hereby ORDERED that the magistrate judge's R&R is adopted in its entirety, and the case be dismissed for lack of prosecution.  The Clerk of the Court is directed to send a copy of this Memorandum and Order by overnight mail to plaintiff *pro se* at the address listed for him on the docket and note the mailing and the accompanying tracking number.  The Clerk is further directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 30, 2015

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge